UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. ORTIZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01782-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT FURTHER LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Jonathan Marquez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint is before the Court for screening. (ECF No. 7). Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights were violated after he was shot by prison officials while lying prone on the ground during a prison fight involving other inmates.

　　　　For the following reasons, the Court will recommend that Plaintiff's amended complaint be dismissed without further leave to amend for failure to state a claim.

///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleading of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. BACKGROUND

Plaintiff filed the complaint commencing this action on December 29, 2023. (ECF No. 1). Plaintiff's original complaint alleged that there was a fight on a prison yard on July 8, 2021 and everyone was ordered to lay down (or "get prone") on the yard. Because Plaintiff did not want to be in the direct vicinity of the altercation, Plaintiff looked around before assuming a prone

position on the ground. Almost immediately, Officer defendants started firing shots, which struck Plaintiff three times, after which Plaintiff was "swollen, cut, and purple."

The Court screened Plaintiff's complaint on April 23, 2024, finding no cognizable claims. (ECF No. 6). The Court's Screening Order provided the relevant legal standards and identified the reasons why Plaintiff's complaint failed to state a claim as to each cause of action alleged by Plaintiff. Specifically, the Court found:

- As to Plaintiff's excessive force claim, Plaintiff's "Plaintiff's facts indicate the force was used "to maintain or restore discipline" in the middle of an alleged prison fight. There are no facts that indicate the officers used the force against Plaintiff 'maliciously and sadistically to cause harm.' Plaintiff does not allege anything the officers said or did that indicated they shot Plaintiff to sadistically cause him harm, rather than to ensure that he would prone out as directed." (*Id.* at 5-6).
- As to Plaintiff's retaliation claim, Plaintiff did "not plead any facts that indicate that defendants used force against him or filed the rules violation report in retaliation for Plaintiff filing a 602 grievance against them. Plaintiff does not allege anything defendants said or did that connected the RVR to Plaintiff filing a grievance against them. On the contrary, in a different section of Plaintiff's complaint, Plaintiff alleges that he received a 115 Rules Violation for fighting. Fighting is not protected conduct, and filing an RVR in retaliation for Plaintiff fighting does not state a constitutional claim for violation of Plaintiff's First Amendment rights." (*Id.* at 7).

Plaintiff was given leave to file an amended complaint.

### III.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff names four defendants: O. Ortiz, a correctional officer, S. Savoie, a correctional officer, Lieutenant Gutierrez, and Sergeant Hernandez. All defendants are alleged to be employees of Kern Valley State Prison.

Plaintiff's FAC (ECF No. 9) alleges as follows[1]:

Plaintiff was shot three times after Correctional Officer Ortiz shot six times in Plaintiff's

---

[1] Minor alterations to Plaintiff's FAC (spelling, punctuation, etc.) have been made without indicating each change.

3

direction while Plaintiff was on the floor. "Two shot on the upper body and one time at my face lip." This was despite Plaintiff not having anything to do with the altercation that was occurring. Officer Ortiz then lied on one of the incident report packages, saying he fired two direct impact rounds, thus lying in the line of duty. This contradicted Officer Ortiz's entire report, which was also not consistent or trustworthy.

Plaintiff filed a 602 form[2] which went to the third level. Plaintiff subsequently won and got it granted because Officer Ortiz lied in his report and shot the wrong person. All the facts spoke for themselves after Plaintiff called witnesses and pointed to the true facts contained in his 602. This uncovered their wrongdoings that they were trying to cover up because of the lies in Officer Ortiz's incident report package. In the "Exhaustion of Administrative Remedies" section of Plaintiff's FAC, Plaintiff indicates that the 602 was denied at the first level but was ultimately granted when Plaintiff responded with the fact that they retaliated against him by issuing an RVR 115[3] for fighting, which he did not do.

Because Plaintiff was found "not guilty" and filed a 602 for excessive use of force, they retaliated on him by giving him an RVR for fighting. Plaintiff won the RVR and was found "not guilty." Plaintiff's First Amendment right was violated by the fact that all involved knew he did not have anything to do with the altercation and just shot at him to single him out due to retaliation. The retaliation was because Plaintiff has a few past assaults from when he was in county jail. It is also because "he"[4] was being careless with his responsibilities of being entrusted with being an officer of the law. It is further due to their attempted cover up by charging Plaintiff with a fraudulent RVR 115 for fighting, even though Plaintiff was found "not guilty."

Plaintiff was put through mental anguish and a lot of physical pain that he continues to deal with. As to Plaintiff's mental health, he still thinks the correctional officers are out to get him

---

[2] California prisoners use CDCR Form 602 to appeal a policy, decision, condition, or omission having a material adverse effect on the prisoner's health, safety, or welfare. *See In re Villa*, 214 Cal.App.4th 954, 973 n.4.

[3] Plaintiff presumably refers to "the CDC 115 form prison officials use to cite inmates with a rules violation. The CDC 115 is titled Rules Violation Report, and the report issued after the hearing on the CDC 115 is entitled Rules Violation Report." *Morris v. Hickison*, No. 2:06-CV-2936, 2010 WL 3034194, at *3 (E.D. Cal. July 30, 2010), *report and recommendation adopted sub nom.*, 2010 WL 3431805 (E.D. Cal. Aug. 31, 2010).

[4] As Officer Ortiz is the only defendant specifically named in Plaintiff's factual allegations, the Court assumes that Plaintiff is referring to Officer Ortiz.

because they wrote him up for a 602 to uncover what they put him through and because he won both the RVR 115 for fighting and 602 at the highest level (3rd). Plaintiff seeks the award of monetary damages for the violations of his Eighth and Fourteenth Amendment rights. He also seeks damages for the retaliation he endured at the hands of law officers who lied to cover the truth when he was found not guilty and was shot innocently.

## IV. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))*; see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

(quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Excessive Force

Plaintiff alleges that his constitutional rights were violated when he was shot three times after Officer Ortiz shot six times in his direction.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the Court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

As in the original complaint, Plaintiff's First Amended Complaint (FAC) fails to allege facts that would show that Defendant Ortiz (or any defendant) used force against Plaintiff

6

maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. Plaintiff alleges that he was shot three times when Officer Ortiz shot six times in his direction, even though Plaintiff had nothing to do with the fight. Thus, according to Plaintiff's FAC, Officer Ortiz shot Plaintiff as part of responding to a fight involving other inmates. However, despite the Court's directions in its Screening Order, Plaintiff fails to allege any other facts regarding the force, such as anything Officer Ortiz said or did to indicate that he shot at Plaintiff in a malicious or sadistic manner to cause harm, rather than as part of an effort to stop the prison fight. Merely stating that Officer Ortiz shot at Plaintiff while responding to a fight involving others is not sufficient to state a claim for excessive force under the applicable legal standards.

Accordingly, Plaintiff's FAC fails to state a claim for excessive force under the Eighth Amendment.

**C.    Retaliation**

Plaintiff alleges that defendants retaliated against him by shooting at him and by filing a false RVR, which was eventually resolved in Plaintiff's favor. Specifically, Plaintiff alleges that "all involved" shot at him and filed a false RVR against Plaintiff for fighting "due to retaliation because I have a few past assault's from my pass while I was in county jail." (ECF No. 7 at 4). Plaintiff also alleges the RVR was filed, "[d]o to the fact that I was found not guilty and found innocent and filed a 602 for excessive use of force, they retaliated on me by giving me a R.V.R for fighting."

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); see also *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); accord *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

7

While prisoners have no freestanding right to a prison grievance process, *see Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. *Rhodes*, 408 F.3d at 567.

As an initial matter, a claim for retaliation under the First Amendment requires that someone took an adverse action in retaliation for Plaintiff exercising his constitutional rights. Here, Plaintiff alleges that defendants retaliated against him because of his involvement in past assaults at County Jail. However, involvement in assaults is not protected conduct under the First Amendment, and retaliation for being involved in such assaults does not state a constitutional claim for violation of the First Amendment.

Additionally, Plaintiff fails to allege facts that connect filing of the RVR with Plaintiff's past assaults or any other activity. Plaintiff fails to identify anything defendants said or did that showed the RVR was done in retaliation for Plaintiff's conduct.

Accordingly, Plaintiff's complaint fails to state a claim for retaliation under the First Amendment.

### D. False Allegations and Procedural Due Process

Lastly, Plaintiff alleges that defendants filed a false RVR against him, charging him with fighting, for which he was found not guilty.

"[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." *Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's

allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

Thus, the filing of a false RVR does not state a constitutional claim because it appears that Plaintiff received due process in evaluating the allegedly false allegations.  Here, Plaintiff does not challenge the adequacy of the disciplinary procedures, but on the contrary, indicates that the RVR was not sustained, and he was found not guilty. Moreover, as discussed above, Plaintiff has failed to state a claim for retaliation. Thus, Plaintiff's allegations that Defendants made false allegations again him that were not sustained by the prison does not, itself, state any constitutional claim.

Accordingly, Plaintiff fails to state a claim for violation of procedural due process based on defendants allegedly filing a false RVR.

## V.     CONCLUSION AND ORDER

The Court recommends that this action be dismissed, without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Accordingly, it is ordered that the Clerk of Court direct a District Judge to this case.

Further, **IT IS RECOMMENDED** as follows:

1. This action be dismissed with prejudice for failure to state any cognizable claims.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 22, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE