UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ORTIZ, et al.,<br><br>    Defendants. | No. 1:23-cv-01782-KES-EPG (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 12) |

Plaintiff Jonathan Marquez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2024, the assigned magistrate judge screened plaintiff's amended complaint and issued findings and recommendations recommending that this action be dismissed for failure to state a claim. Doc. 12. Specifically, the magistrate judge found that plaintiff failed to state a claim for excessive force under the Eighth Amendment, failed to state a claim for retaliation under the First Amendment, and failed to state a claim for violation of procedural due process.

The findings and recommendations were served on plaintiff, who was notified that any objections were to be filed within 30 days after service. *Id.* at 9. Plaintiff filed objections on November 4, 2024. Doc. 13.

1

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case.

### EIGHTH AMENDMENT CLAIM

Plaintiff alleges that, although he was not part of a fight, he was shot three times when defendant Ortiz fired six times in his direction.[1]  Doc. 7 at 3.  Plaintiff further alleges that he was shot while he was on the floor.  *Id.*  The magistrate judge reasoned that because Ortiz shot plaintiff as part of a response to a fight, plaintiff failed to allege that the force used was malicious and sadistic rather than a good faith effort to maintain or restore discipline.  Doc. 12 at 6-7.  However, there are no allegations suggesting that the use of force was necessary to maintain or restore discipline.  For example, there are no allegations about the number of inmates involved in the fight, whether an inmate was in danger of great bodily harm, how close plaintiff was to the fighting inmates, or whether any of the inmates had weapons.  The Ninth Circuit has held that it is a violation of the Eighth Amendment "[t]o shoot a passive, unarmed inmate standing near a fight between other inmates, none of whom was armed, when no inmate was in danger of great bodily harm" because such use of force "would inflict unnecessary and wanton pain."  *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003).

Plaintiff alleges that he was not involved in the fight and was on the ground when he was shot.  At the screening stage, and drawing all reasonable inferences in plaintiff's favor, plaintiff sufficiently alleges an Eighth Amendment excessive force claim against Ortiz.

### RETALIATION AND DUE PROCESS CLAIMS

Plaintiff alleges that defendants retaliated against him by shooting him and by filing a false RVR.  Doc. 7 at 4.  The magistrate judge found that plaintiff failed to state cognizable retaliation and due process violation claims.  In his objections, plaintiff largely repeats the same allegations and arguments that the magistrate judge correctly found were without merit and

---

[1] The Ninth Circuit has held that an excessive force claim may be asserted by someone who was harmed by the allegedly excessive force, even if the force was directed at someone other than the plaintiff. *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995) (bystander inmate who was injured when corrections officers fired birdshot at a different inmate presented sufficient evidence to create a triable issue of material fact).

insufficient to state a retaliation or due process violation claim. Plaintiff does not meaningfully challenge the magistrate judge's findings or identify any error in the reasoning of the findings and recommendations.

Accordingly:

1. The findings and recommendations issued on October 22, 2024, (Doc. 12), are adopted in part;

2. This case shall proceed on plaintiff's Eighth Amendment excessive force claim against defendant Ortiz;

3. All other claims and defendants are DISMISSED for failure to state a claim upon which relief may be granted;

4. This action is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   May 29, 2025

UNITED STATES DISTRICT JUDGE