UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>O. ORTIZ, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01782-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 24) |

       Plaintiff Jonathan Marquez is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

       On July 10, 2025, Plaintiff filed a motion for appointment of counsel. (ECF No. 24). Plaintiff states that he is representing himself in this matter and is unable to represent himself due to his very little education and mental health conditions. (*Id.*)

       Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), even if he is indigent, and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court declines to appoint counsel at this time. After reviewing the record, the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claims. Moreover, Plaintiff appears capable of articulating his points to some extent and arguing legal issues without the assistance of counsel. However, Plaintiff is advised that he is not precluded from renewing his request for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 24) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **July 14, 2025**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE