UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ, | Case No. 1:23-cv-01782-KES-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| O. ORTIZ, *et al.*, | |
| Defendants. | (ECF No. 33) |

Plaintiff Jonathan Marquez is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 19, 2025, Plaintiff filed a renewed motion for appointment of counsel. (ECF No. 33).

Notably, Plaintiff filed a previous motion for appointment of counsel on July 10, 2025, (ECF No. 24) which the Court denied without prejudice on July 15, 2025. (ECF No. 25). Plaintiff's current motion does not describe any changed circumstances or reasons to reconsider the previous order.

As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain

exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

At this time, the Court declines to appoint counsel. Plaintiff's current motion reiterates that he is representing himself in this matter and is unable to represent himself due to his very little education and mental health and lack of access to Plaintiff's witnesses. (ECF No. 33). As stated in the Court's prior order (ECF No. 25), the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claims. Additionally, Plaintiff appears capable of articulating his positions and legal issues without the assistance of counsel.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 33) is **DENIED** without prejudice.[1]

IT IS SO ORDERED.

Dated:    **October 1, 2025**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff is not precluded from renewing his request for appointment of counsel at a later stage of the proceedings, if Plaintiff renews his request without changed circumstances, the Court will deny the motion without further explanation.