UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ORTIEZ, et al.,<br><br>        Defendants. | 1:23-cv-01782-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT BE DENIED<br><br>(ECF No. 37)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jonathan Marquez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on December 29, 2023, (ECF No. 1) and First Amended Complaint on May 10, 2024, (ECF No. 7).  This case now proceeds on Plaintiff's claim against Defendant Ortiz for excessive force in violation of the Eighth Amendment.  (ECF No. 18).

On September 30, 2025, Plaintiff filed a motion to amend the Complaint. (ECF No. 37). Plaintiff asks to "have a chance to prove that Defendant did retaliate and showed deliberate indifference upon me."  (ECF No. 37, at p. 1).

For the following reasons, the Court recommends denying Plaintiff's motion for leave to amend the complaint.

\\\

\\\

1

## I. BACKGROUND

Plaintiff filed his initial complaint on December 29, 2023. (ECF No. 1). Plaintiff alleged that, during a fight on a prison yard, Officer O. Ortiz, Lieutenant Gutierrez, and Sergeant Hernandez shot at Plaintiff with 40mm "multi-shot" launchers when Plaintiff failed to immediately assume a prone position. Plaintiff's complaint asserted claims for excessive force and retaliation.

The Court screened Plaintiff's initial complaint on April 23, 2024, finding that Plaintiff's complaint failed to state any cognizable claims. (ECF No. 6). The screening order provided the legal standards for excessive force and retaliation and explained why Plaintiff's allegations failed to state a claim under those standards. Regarding the retaliation claim, Plaintiff did not describe anything defendants said or did that connected their use of force of filing of the RVR against Plaintiff to Plaintiff's constitutionally protected conduct. The Court gave Plaintiff leave to file an amended complaint. (ECF No. 6, at p. 7).

On May 10, 2024, Plaintiff filed a First Amended Complaint. (ECF No. 7). Generally, Plaintiff's amended complaint alleged almost identical facts as his initial complaint and added a False Allegation and Procedural Due Process claim and a new Defendant (Savoie[1]). (*See* ECF No. 9). One of the changes Plaintiff made in his amended complaint was alleging that he was shot a total of six times, instead of the three times he previously alleged. (ECF No. 9, p.3). Further, Plaintiff alleged that Defendants filed a false RVR against him for fighting, but he was found not guilty. (*Id.,* p. 4).

On October 22, 2024, the Court issued findings and recommendations to the District Judge recommending that the action be dismissed for failure to state a claim. (ECF No. 12). Plaintiff filed objections to the Findings and Recommendations on November 4, 2024. (ECF No. 13). In those objections, Plaintiff stated that Defendants were aware of Plaintiff's prior criminal record, including attempted murder on an officer, and acted in retaliation for that charge. Plaintiff also alleged that Defendants acted in retaliation for Plaintiff writing a 602

---

[1] Plaintiff did not list Officer Savoie as a defendant in his initial complaint but did allege Officer Savoie was one of the officers who were firing launcher shots.

grievance.

On May 30, 2025, the District Judge adopted this Court's Findings and Recommendations in part, allowing Plaintiff to proceed only on his Eighth Amendment excessive force claim against Defendant Ortiz. All other claims and defendants were terminated. (ECF No. 18).

On October 6, 2025, Plaintiff filed a Motion to Amend the Complaint. (ECF No. 37). Plaintiff states that he would like to amend his complaint, "to have the chance to provide that Defendant did retaliate and showed deliberate indifference upon me." (*Id.,* p. 1). Specifically, Plaintiff alleges that the officers, and specifically Defendant Ortiz, retaliated against him for his past criminal history. (*Id.,* pp.1-3). Plaintiff also claims that he has a grievance/602 about "all of that that's granted I'd be more willing to show it in evidence." (ECF No. 37, at p. 2).

## II.   LEGAL STANDARD

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court.  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint."  *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P.

15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

**III.   ANALYSIS**

The Court recommends denying Plaintiff's motion for leave to file an amended complaint.

The Court has examined the factors relevant to whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

As an initial matter, the Court finds no evidence of bad faith by the Plaintiff.

However, the Court does find undue delay.  The Court issued its screening order with leave to amend on April 23, 2024, almost one and a half years ago. Plaintiff filed an amended complaint on May 10, 2024, alleging the same general facts with minor alterations and an additional claim. Plaintiff also filed objections to the Court's Findings and Recommendations. To the extent Plaintiff seeks to allege any additional facts not already included in his first two complaints, he has unduly delayed in including them in his previous complaints.

The Court also finds that amendment at this late stage in the case would be prejudicial to the opposing party, Defendant Ortiz.  This case has been pending since December 29, 2023. After the screening process, service, and referral for ADR, the case finally is finally proceeding to discovery.  It would significantly delay the case if Plaintiff were to file another amended complaint and restart the screening process.

The Court also finds that further amendment is likely to be futile.  Although Plaintiff's motion does not attach a proposed amended complaint, Plaintiff refers to substantially the same factual allegations already included in his previous complaints and objections to the Findings and Recommendations, which have already been considered by the Court.

Finally, Plaintiff has previously amended his complaint once following the Court's screening order.  (ECF No. 7).

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file an amended complaint.

### IV. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 37) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2025**              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE