UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>O. ORTIZ,<br><br>            Defendant. | Case No. 1:23-cv-01782-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF No. 65)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jonathan Marquez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed a motion for default judgment on April 14, 2026. (ECF No. 65). In his motion, Plaintiff argues that he has "had to make the Defendant and his attorney answer [his discovery requests] by force…using Court Federal Civil Rules" and that Defendant has prolonged the litigation by not agreeing to participate in a settlement conference. (*Id.* at 1-2). Plaintiff seeks an order of default judgment as a sanction for perceived "procrastination of the defense." (*Id.* at 2).

For the reasons set forth below, the Court recommends denying Plaintiff's motion for a default judgment.

## I.      BACKGROUND

Plaintiff filed his initial complaint on December 29, 2023, (ECF No. 1), alleging that during a fight on a prison yard, correctional officer, Defendant O. Ortiz, and others shot at

Plaintiff with 40mm "multi-shot" launchers when Plaintiff failed to immediately assume a prone position. Plaintiff's complaint asserted claims for excessive force and retaliation.

After screening the complaint and finding that it failed to state any cognizable claims, Plaintiff filed his First Amended Complaint on May 10, 2024. (ECF No. 7). After completing the screening process, Plaintiff proceeds only on his Eighth Amendment excessive force claim against Defendant Ortiz.

On September 8, 2025, Defendant Ortiz filed an answer to the amended complaint. (ECF No. 27). On September 15, 2025, Plaintiff filed a motion for default judgment. (ECF No. 30). The Court determined that Defendant's answer was timely and that he was not in default. (ECF No. 31). The Court denied the motion for default judgment. (*Id.*).

Plaintiff filed a motion for discovery on September 19, 2025, (ECF No. 34), which the Court denied because the case was stayed to permit the parties to engage in a settlement conference and the motion was an improper means to obtain discovery (ECF No. 35).

On November 10, 2025, Plaintiff filed a motion to compel discovery and requested sanctions. (ECF No. 45). The Court denied the motion because formal discovery had not yet opened. (ECF No. 46).

The Court filed its discovery order on November 18, 2025. (ECF No. 48). On January 13, 2026, Plaintiff filed a motion to compel (ECF No. 52), which he withdrew on February 10, 2026 (ECF No. 55).

On February 23, 2026, Plaintiff filed a declaration (ECF No. 56), which the Court construed as a motion to compel the production of a video recording. (ECF No. 57). Defendant responded by stating that the surveillance and body-worn cameras had not yet been activated at the time of the incident and therefore no footage existed. (ECF No. 58). Plaintiff filed a motion to compel on March 23, 2026, again requesting video footage and requesting information about the Defendant's disciplinary charges, if any. (ECF No. 60). Defendant opposed the motion to compel, arguing that no video footage exists, that documents about Defendant's disciplinary history would be improper character evidence, especially where Defendant was not disciplined for this incident, and that Plaintiff added new discovery requests in his motion to compel. (ECF No. 64). Plaintiff's motions to compel (ECF Nos. 56, 60) remain pending before the Court.

On April 14, 2026, Plaintiff filed the underlying Motion for Default Judgment. (ECF No. 65). Plaintiff argues that on "multiple occasions I had to put in a default judgment just to get the Defendant and his attorney to answer the complaint…and on multiple occasions I had to compel discovery just to get answers to my interrogatories, admissions, and discovery requests." (*Id.* at 1). Plaintiff states that Defendants did not answer his request for a settlement conference by the deadline[1] and that he has had to litigate the case according to the Federal Rules of Civil Procedure to get answers when Defendant Ortiz "should have answered on his own volition." (*Id.*). Plaintiff states that "at this point Your Honor, I wish the Court to intervene in this motion for default judgment and ask that it be granted to stop the Defendant and his attorney from prolonging the inevitable [of] me winning this case…that's the very reason [for] the procrastination of the defense and their litigation." (*Id.*).

Non-expert discovery is ongoing until July 17, 2026. (ECF No. 49).

## II.   ANALYSIS

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(b)(2).

Default judgment is not warranted here because there has been no entry of default. Rather, Defendant Ortiz timely filed his answer on September 8, 2025 (ECF No. 27) as explained by this Court's order denying the motion for default (ECF No. 31). Defendant has not failed to plead or otherwise defend the case. The Court recommends that Plaintiff's motion for default judgment be denied.

Nor is default warranted as a discovery sanction under Fed. R. Civ. P. 37. Rule 37(b)(2)(A) provides:

> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[1] The deadline to respond to Plaintiff's request for a settlement conference was April 8, 2026. (ECF No. 61). Defendant filed his response on April 8, 2026. (ECF No. 62). Therefore, Defendant timely responded to the request.

...

**(vi)** rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A)(vi).

Here, Plaintiff's motions to compel are still pending, and the Court has not ruled that Defendant improperly withheld discovery or failed to comply with the Court's order. Moreover, Plaintiff primarily argues that litigation has been time-consuming and that he had to use the Federal Rules of Civil Procedure to litigate the case. (ECF No. 65 at 1-2 ("I had to compel discovery just to get answers to my interrogatories, admissions, and discovery requests…I've had to make the Defendant…answer by force via using Court Federal Civil Rules…and ask that [this motion] be granted to stop the Defendant and his attorney from prolonging the inevitable me winning this case.")). Being required to litigate according to the Rules of Civil Procedure is no basis for sanctions, not to mention default judgment.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1.  Plaintiff's motion for default judgment be DENIED. (ECF No. 65).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 17, 2026**                    /s/ Erin P. Grog
                                                 UNITED STATES MAGISTRATE JUDGE

4