UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>O. ORTIZ,<br><br>                    Defendant. | Case No. 1:23-cv-01782-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(ECF Nos. 56, 60) |

Plaintiff Jonathan Marquez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. In his amended complaint, Plaintiff alleges that correctional officer, Defendant Ortiz, unnecessarily used a 40mm "multi-shot" launcher to subdue him during a prison yard fight on July 8, 2021. Plaintiff proceeds only on his Eighth Amendment excessive force claim against Defendant.

Now before the Court are Plaintiff's motions to compel Defendant to provide further responses to certain interrogatories, requests for production of documents and surveillance video, and requests for admission that Plaintiff has propounded on him. (ECF Nos. 56, 60).

For the reasons explained below, the Court will deny Plaintiff's motions to compel.

## I.    MOTIONS TO COMPEL

On February 23, 2026, Plaintiff filed a declaration (ECF No. 56), which the Court construed as a motion to compel the production of any video recording of the incident on July 8, 2021. (ECF No. 57).  In that declaration, Plaintiff wrote that he had requested the video of the incident from defense counsel, but that defense counsel had not yet produced it.  Plaintiff also

stated that "the video will show his client violating my constitutional right, which is showing me being shot while on the floor."  (ECF No. 56, at p. 1).

The Court construed Plaintiff's declaration as a motion to compel and ordered Defendant to file a response.  (ECF No. 57).

Defendant filed a response on March 10, 2026.  (ECF No. 58).  Defendant represented that "[b]ody-worn cameras became active on July 27, 2021, and fixed surveillance (AVSS) cameras became active on November 30, 2021" and therefore, no footage of the incident or the RVR disciplinary hearing on July 14, 2021, ever existed. (ECF No. 58 at 2). Defendant stated that he would serve a supplemental response to Plaintiff's request for production concurrently with his opposition brief. (*Id.*).

Plaintiff filed another motion to compel on March 23, 2026, again requesting video footage of the incident on July 8, 2021, along with "the video recorded interview July 14, 2021," arguing that "Defendant cannot be trusted."[1] (ECF No. 60 at 1, 3). Plaintiff also asks the Court to compel further responses to Requests for Production of Documents Nos. 4 and 5. (*Id.*). Plaintiff seeks the Defendant's disciplinary record "because it shows his characteristics as a correctional officer and as a person" and all reports against officers of Kern Valley State Prison ("KVSP") who worked on C Yard "around that time of 2021" because they "show[] the culture that the correctional officer's practice in KVSP as a[n] encouragement to violence." (*Id.*; ECF No. 64 at 5). Finally, Plaintiff includes Request for Admission No. 1 and Interrogatory No. 1 in his motion to compel but provides no argument for these requests. (ECF No. 60 at 1-2).

Defendant opposed the second motion to compel, restating that no video of the incident or the RVR hearing exists because cameras were not activated at the time. (ECF No. 64 at 4). Concerning the production of Defendant's disciplinary record, Defendant states that he "was not disciplined for the incident at issue in this case" and that Plaintiff made the request to present improper character evidence "explicitly precluded by the Federal Rules of Evidence." (*Id.* at 7). As for reports for all KVSP officers around the time of the incident, Defendant argues that these documents are not relevant to any element of Plaintiff's claims because the request is not limited

---

[1] For readability, the Court has made minor alterations to quotations from Plaintiff's motions to compel without indicating each change.

2

to any involved party or even a witness of the incident and that Plaintiff's request is overly broad, seeking reports regardless of whether there was any indication the reports were sustained or had any merit to them. (*Id.* at 7-8). Finally, Defendant states that he provided the incident report and the grievances (log nos. 149131 and 202501) relevant to this incident, statements from the confidential appeal inquiry related to the incident from four separate, non-party inmates, and rules violation report, and Plaintiff's video recorded interview in his initial production on January 16, 2026. (*Id.* at 6-7).

As to Request for Admission No. 1 and Interrogatory No. 1 in Plaintiff's second motion to compel, Defendant argues that these discovery requests were presented for the first time in Plaintiff's motion. However, in his opposition brief, Defendant provided a response to each request. (*Id.* at 8-9).

In his reply to Defendant's opposition, Plaintiff argues that Defendant is untruthful about the existence of video footage.[2] (ECF No. 69 at 2). He further argues that "any and all disciplinary charges against Defendant O. Ortiz for staff misconduct and/or including excessive use of force is very relevant because it can provide motive of Defendant['s] character and the type of person he is" because "character evidence should be admissible if it shows that he's done this type of excessive use of force before" and "it can help future litigation for Plaintiffs." (*Id.* at 3).

## II.   LEGAL STANDARDS

Requests for production of documents and electronically stored information are governed by Federal Rule of Civil Procedure 34 and permit a party to serve "a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[2] On May 5, 2026, Plaintiff filed a declaration, which substantively appears to be a duplicate copy of his reply brief filed on April 24, 2026.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.401.

Moreover, Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

## III.  ANALYSIS

### A.  Video of the Incident

Plaintiff challenges Defendant's responses to the following requests for production of documents:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> I request the video recording's of the day July 8, 2021 approximately 0811 hours upper C yard at Kern Valley State Prison and the video of the R.V.R. disciplinary hearing of date July 14, 2021 in which I was found "not guilty.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
>
> After a diligent search and reasonable inquiry, no responsive footage has been located. No footage of the July 14, 2021, RVR hearing is believed to have ever existed. Defendant has not located any AVSS footage of the incident, but will continue to search and will supplement these responses should any such footage be located.

(ECF No. 58 at 1-2).

4

Upon consideration, the Court will deny Plaintiff's motions to compel responses to Requests for Production No. 1 because it finds that Defendant has fully responded to the requests for video footage. Specifically, Defendant responded that he investigated the existence of any video footage of the incident on July 8, 2021 and the RVR hearing on July 14, 2021, and responded that no video footage exists because body-worn cameras were not activated until July 27, 2021, and the fixed surveillance cameras were not activated until November 30, 2021.

**B. Disciplinary Charges**

Plaintiff also moves to compel responses to the following requests for production of documents:

**REQUEST FOR PRODUCTION NO. 4:**

Next any and all disciplinary charges against Defendant O. Ortiz for staff misconduct and or including excessive use of force.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant Ortiz was not disciplined for the incident on July 8, 2021. Defendant otherwise objects to this request, as it is overly broad, seeks documents that are not relevant to any element of a claim or defense in this case, and is not proportional to the needs of the case. Plaintiff claims that Defendant Ortiz used excessive force when Ortiz shot him multiple times with a 40mm launcher when he had no justification to do so. The request is overbroad in that it seeks disciplinary charges for staff misconduct and use of force regardless of the circumstances, date, time, or location of the complaint or whether such charges were substantiated or sustained. Such documents have no relevance to the claims in this case as they have no tendency to prove or disprove whether Defendant committed the acts alleged by Plaintiff. The only use for such evidence would be propensity, which is explicitly prohibited by, and thus irrelevant under, the Federal Rules of Evidence.

Disclosure of such documents involving third-party inmates would also violate the privacy rights of third-party inmates and staff. Defendant further objects based on the official-information privilege. Investigations into allegations of staff misconduct, including excessive force, are confidential and witnesses are interviewed under the promise of confidentiality. Should unrelated use-of-force allegation documents and unrelated incident reports be disclosed to Plaintiff, it would discourage inmates from filing future staff complaints as they could not be assured that their statements would be maintained as confidential. Disclosure also creates a risk to staff, as the information in the documents could be leveraged against staff members by Plaintiff or exchanged with other inmates. Moreover, investigative techniques and procedures would be revealed if such documents were

disclosed, which would impede the prison's ability to conduct investigations into future conduct. And, to the extent that Plaintiff seeks any uncorroborated or unsubstantiated allegations of wrongdoing against Defendant by third parties, such allegations are irrelevant and inadmissible hearsay, and therefore this request is unduly burdensome, oppressive, and harassing because it seeks documents not reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of this case.

(ECF No. 64 at 4).

While Defendant objected, he also responded that he was not disciplined regarding the July 8, 2021, incident.

As to Defendant's disciplinary records unrelated to the incident, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citation omitted).

Regarding evidence of past acts, such as disciplinary records, Federal Rule of Evidence 404 states:

> **(a) Character Evidence.**
>
> > **(1) Prohibited Uses**.  Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
> >
> > . . .
>
> **(b) Crimes, Wrongs, or Other Acts.**
>
> > **(1) Prohibited Uses**.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

\\\
\\\
\\\

> > **(2) Permitted Uses; Notice in a Criminal Case**.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(a) & (b).

In his motion to compel, Plaintiff states that he requests all disciplinary records for Defendant "because [they] show [Defendant's] characteristics as a correctional officer and as a person." (ECF No. 60 at 1). However, as described above, this evidence is not admissible for this purpose.

Plaintiff fails to provide any other basis for the records.  Defendant's disciplinary records unrelated to July 8, 2021, are not relevant to whether he used excessive force in responding to the fight. Accordingly, Plaintiff has failed to establish that these requests satisfy the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1). *See McClintock v. Cooper*, No. 218CV0560JAMKJNP, 2020 WL 3251027, at *8 (E.D. Cal. June 16, 2020) (motion to compel denied as defendants' disciplinary records unrelated to the action are irrelevant).

Accordingly, the Court sustains Defendant's objection and denies Plaintiff's motion to compel as to Request for Production No. 4.

### C.  Reports as to Other Officers

Plaintiff also seeks responses to the following requests for production of documents:

**REQUEST FOR PRODUCTION NO. 5:**

Next any and all reports against officers of Kern Valley State Prison around that time of 2021 in C Yard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection: this is overly broad, seeks documents that are not relevant to any element of a claim or defense in this case, and is not proportional to the needs of the case. As noted above, Plaintiff claims that Defendant Ortiz unnecessarily shot him with a 40mm launcher when Plaintiff was not involved in any violence or fight. In this request, he seeks reports against non-party officers without any limitation to the nature or circumstances of the type of report or whether they have any nexus to Defendant, Plaintiff, or Plaintiff's claims, or whether such reports resulted in any substantiated findings. The request is not reasonably calculated to lead to the discovery of admissible evidence, as reports against other officers for other incidents would have no tendency to prove or disprove whether Ortiz used excessive force on Plaintiff on July 8, 2021. And, to the extent that Plaintiff seeks any uncorroborated or unsubstantiated allegations of wrongdoing against non-party officers, such allegations are irrelevant and inadmissible hearsay, and therefore this request is unduly burdensome and oppressive.

In addition, disclosure of such documents involving third-party inmates would also violate the privacy rights of third-party inmates and staff. Defendant further objects based on the official-information privilege.

> Incidents reports and investigations are confidential and witnesses are interviewed under the promise of confidentiality. Should unrelated incident reports be disclosed to Plaintiff, it would discourage inmates from cooperating in future investigations as they could not be assured that their statements would be maintained as confidential. Disclosure also creates a risk to staff, as the information in the documents could be leveraged against staff members by Plaintiff or exchanged with other inmates. Moreover, investigative techniques and procedures would be revealed if such documents were disclosed, which would impede the prison's ability to conduct investigations in future instances.

(ECF No. 64 at 5-6).

Plaintiff's request for reports against KVSP officers seeks documents about non-parties outside the date of the incident. Again, Defendant objected on the basis of relevance, and Plaintiff argues that his request "shows the culture that the correctional officer's practice in KVSP as a[n] encouragement to violence." (ECF No. 60 at 1).

The behavior of other KVSP officers toward other inmates has no bearing on whether Defendant Ortiz subjected Plaintiff to excessive force while responding to a prison yard fight on July 8, 2021. Thus, the requested documents are not direct evidence of the incident and are not relevant to the issues in this case. Plaintiff has failed to establish that these requests satisfy the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1). *Salinas v. Wang*, No. 119CV00157HBKPC, 2021 WL 1060160, at *1 (E.D. Cal. Mar. 18, 2021) (finding other inmates' grievances against defendants not relevant to plaintiff's claim of deliberate indifference and denying motion to compel).

Accordingly, the Court sustains Defendant's objections to Requests for Production Nos. 4 and 5.

**D.  Interrogatory No. 1 and Request for Admission No. 1**

Plaintiff does not dispute that Interrogatory No. 1 and Request for Admission No. 1 were new discovery requests served on Defendant for the first time in his second motion to compel. Further, Plaintiff does not argue that Defendant's responses are insufficient. As such, the Court denies Plaintiff's motion to compel (ECF No. 60) as to Interrogatory No. 1 and Request for Admission No. 1.

\\\

\\\

**IV.    CONCLUSION AND ORDER**

Accordingly, IT IS ORDERED as follows:

1.    Plaintiff's motions to compel are DENIED. (ECF No. 56, 60).

IT IS SO ORDERED.

Dated:    **May 7, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE