UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ,<br>Plaintiff,<br>v.<br>O. ORTIZ,<br>Defendant. | No. 1:23-cv-01782-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 76)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Jonathan Marquez is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against correctional officer Defendant Ortiz for shooting him three times while Plaintiff was lying prone on the ground during a prison fight involving other inmates. (ECF No. 18).

On August 17, 2026, Defendant Ortiz filed a motion for summary judgment, arguing that even viewing the facts in the light most favorable to Plaintiff, no reasonable jury could find that his conduct constituted excessive force. (ECF No. 76). For similar reasons, Defendant argues are he is entitled to qualified immunity. (*Id.*).

For the reasons set forth below, the Court will recommend that Defendant's motion for summary judgment be denied.

# I. BACKGROUND

## A. Plaintiff's First Amended Complaint

During the events at issue, Plaintiff was an inmate at Kern Valley State Prison ("KVSP"). (ECF No. 7). In his First Amended Complaint (operative complaint), filed on May 10, 2024, Plaintiff alleged that there was a fight on the prison yard, but that he was not involved in the fight and responded to commands to lay down on the ground. Defendant Ortiz then used a 40mm launcher[1] and shot six times in Plaintiff's direction. Three of the six rounds struck Plaintiff while he was on the floor, including two shots in the upper body and one shot striking his lip. (*Id.*).

Plaintiff filed a grievance form 602 for excessive use of force and was issued a rules violation report ("RVR") for fighting. Plaintiff was ultimately found "not guilty" of the RVR because he was not involved in the fight.

Plaintiff initially sued four defendants from KVSP, including Defendant Ortiz, alleging excessive force resulting in physical pain and ongoing mental anguish, along with retaliation and due process violations. (*Id.*).

## B. District Judge's Order for the Case to Proceed Against Defendant Ortiz for Excessive Force

On October 22, 2024, the Court screened Plaintiff's First Amended Complaint and issued findings and recommendations that Plaintiff's action be dismissed with prejudice for failure to state any cognizable claims. (ECF No. 12).

However, on May 30, 2025, the presiding District Judge issued an Order Adopting in Part Findings and Recommendations and ordered that the case proceed only on Plaintiff's Eighth Amendment excessive force claim against Defendant Ortiz. (ECF No. 18 at 3). All other claims and defendants were dismissed for failure to state a claim upon which relief may be granted. (*Id.*).

As to Plaintiff's claim for excessive force against Defendant Ortiz, the District Judge stated:

> The Ninth Circuit has held that it is a violation of the Eighth Amendment "[t]o shoot a passive, unarmed inmate standing near a fight between other inmates, none of whom was armed, when no inmate was in danger of great

---

[1] A 40mm launcher is a less-lethal weapon used to fire "a round that is made of dense foam or rubber." *Campbell v. Santa Cruz County*, No. 14–cv–0847 EJD, 2016 WL 6822081, at *5 (N.D. Cal. Nov. 18, 2016).

> bodily harm" because such use of force "would inflict unnecessary and wanton pain." *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003).

(*Id.* at 2). Moreover, the District Judge also noted that:

> The Ninth Circuit has held that an excessive force claim may be asserted by someone who was harmed by the allegedly excessive force, even if the force was directed at someone other than the plaintiff. *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995) (bystander inmate who was injured when corrections officers fired birdshot at a different inmate presented sufficient evidence to create a triable issue of material fact).

(*Id.* at n1).

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Defendant's Motion

Defendant moved for summary judgment on August 17, 2026. (ECF No. 76). Defendant argues that he did not use force sadistically or maliciously to cause harm but instead used non-lethal force in a good faith effort to stop a fight and regain order. (*Id.* at 1; ECF No. 76-1 at 6). Defendant acknowledges that he fired multiple 40mm rounds to stop an ongoing fight between two inmates and states that he stopped firing as soon as the fighting stopped. (ECF No. 76-1 at 6). Defendant argues that Plaintiff's "claim that he was not involved in the fight establishes only that he was inadvertently stuck because he was in the area of the fight when Ortiz used department approved force to stop the fight, which does not violate the Eighth Amendment." (*Id.* at 6, 10-15).

Defendant also argues that it was not clearly established that discharging 40mm rounds to stop an ongoing fight and inadvertently striking an uninvolved inmate was a constitutional violation; and therefore, Defendant is entitled to qualified immunity. (*Id.* at 6, 15-18).

In support of his motion for summary judgment, Defendant filed: (1) his Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment (ECF No. 76-2); (2) his declaration (ECF No. 76-3); and (3) declaration of Deputy Attorney General David E. Kuchinsky, attaching excerpts of Plaintiff's deposition transcript as Exhibit A (ECF No. 76-4). On August 17, 2026, Defendant lodged the complete transcript of Plaintiff's deposition in support of Defendant's motion for summary judgment. (ECF Nos. 77, 80).

### B. Plaintiff's Opposition

Plaintiff timely filed his opposition brief on September 3, 2026. (ECF No. 81). He argues

that Defendant did not need to shoot six times to regain order. Therefore, the excessive number of shots demonstrates that Defendant did not apply force in a good-faith effort to maintain or restore discipline. Plaintiff also argues that he was not involved in the fight, and the fact that Defendant struck him with three of the six shots demonstrates "negligence or recklessness…[and] criminal" conduct. (*Id.* at 3).

Plaintiff also argues that Defendant was untruthful in his incident report and during Plaintiff's disciplinary proceedings for the RVR. (*Id.*). Plaintiff argues this untruthfulness, along with "lots of inconsistenc[ies] in the incident report," demonstrates that issues of material fact exist that preclude summary judgment regarding Defendant's intent in the use of force.[2] (*Id.* at 4-5). For these same reasons, Plaintiff argues that Defendant knew his conduct violated clearly established law, or at least, a dispute of material fact exists. (*Id.* at 6-13). Thus, Defendant is not entitled to qualified immunity. (*Id.*).

In support of his brief in opposition to summary judgment, Plaintiff filed: (1) Plaintiff's Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment, Response (*id.* at 15-17); (2) Exhibit 1, Disciplinary Hearing Results: Due Process, Findings, Mental Health Assessment Consideration, Evidence Sections (*id.* at 18-19); (3) Exhibit 2, Disciplinary Hearing Results: Findings, Mental Health Assessment Consideration, Evidence Sections (*id.* at 20); (4) Exhibit 3, Medical Report of Injury or Unusual Occurrence (*id.* at 21-22); (5) Exhibit 4, Incident Report Package, Staff Narrative Section - Defendant (*id.* at 23-24; (6) Exhibit 5, Incident Report Package, Staff Narrative Section - Officers Savoie and Eaker (*id.* at 25-26); (7) Exhibit 6, Claimant Grievance Claims Decision Response dated February 18, 2022 (*id.* at 27-28); (8) Exhibit 7, Claimant Appeal Claims Decision Response dated December 22, 2021 (*id.* at 29-30); and (9) Exhibit 8, Request to Implement Remedies (*id.* at 31).

### C. Defendant's Reply

Defendant filed a reply brief on September 16, 2026. (ECF No. 82). Defendant concedes that he struck Plaintiff three times with a 40mm projectile, but re-asserts his argument that,

---

[2] Plaintiff also states that Defendant has not supplied him with a copy of the deposition transcript of inmate witness, Carlos Coreas, #BD0993, "which simplified [sic] that [Plaintiff] didn't have nothing to do with any fight that day." (ECF No. 81 at 5). The Court notes that a statement from inmate Coreas is included in Plaintiff's Exhibit 2, attached to his brief in opposition to summary judgment. (*Id.* at 20).

because he did not intend to shoot bystanders and therefore, did not engage in excessive force and is entitled to qualified immunity. (*Id.*).

### D. Plaintiff's Response to Defendant's Reply

On September 28, 2026, Plaintiff filed his Response in Support to Deny Defendant's Summary Judgment. (ECF No. 83). Again, Plaintiff argues that there is a discrepancy between the number of shots Defendant said he used at the RVR stage as compared to his declaration in support of summary judgment. (*Id.* at 1). Plaintiff argues that this discrepancy shows Defendant was untruthful, raising a question of fact that precludes summary judgment. (*Id.*). Plaintiff also notes that Defendant's partner, Savoie, shot twice at the fighting inmates to regain control, and Plaintiff believes that Officer Savoie acted "reasonabl[y]." (*Id.* at 4). Plaintiff compares Savoie's conduct to Defendant, who shot six times when Plaintiff was on the ground and not involved in the fight. (*Id.*). Plaintiff argues that "[a]ll of this shows that Officer O. Ortiz intentionally used force maliciously and sadistically, carelessly and recklessly." (*Id.*).

## III. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party does so, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial," which is not a light burden, the party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Summary judgment is appropriate for claims of excessive force when "taking the facts in the light most favorable to [the non-moving party], a reasonable jury could not find that "the officer's conduct violated a constitutional right." *Young v. County of Los Angeles,* 655 F.3d 1156, 1160 (9th Cir. 2011). In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the Court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted).

**B. Excessive Force**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Where a prison security measure is undertaken to resolve a disturbance, the test is whether force was applied "maliciously and sadistically for the very purpose of causing harm." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). "…[T]he Eighth Amendment does not require a further showing that the intent to

punish needs to be directed at a specific individual." *Robins v. Meecham*, 60 F.3d 1436, 1441 (1995) ("The correctly-stated standard, however, is whether the defendants applied force 'maliciously and sadistically for the very purpose of causing harm,'—that is *any* harm." (internal citations omitted) (emphasis in text)).

When determining whether the force was excessive, the Court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

The Ninth Circuit has "'held on many occasions'" that "'[b]ecause the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, ... summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.'" *Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011) (alterations omitted) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc)); *see also C.V. by and through_Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) ("[S]ummary judgment should be granted sparingly in excessive force cases.").

**C. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001),

receded from, *Pearson v. Callahan*, 555 U.S. 223 (2009) (the two factors set out in *Saucier* need not be considered in sequence).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Mattos v. Agarano,* 661 F.3d 433, 442 (9th Cir. 2011) (quoting *al-Kidd*, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." *Estate of Ford,* 301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). An official's subjective beliefs are irrelevant. *Inouye,* 504 F.3d at 712.

At the summary judgment phase, although both the "clearly established right" and "reasonableness" inquiries are questions of law, where there are factual disputes as to the parties' conduct or motives, the case cannot be resolved at summary judgment on qualified immunity grounds. *See Torres v. City of Madera,* 648 F.3d 1119, 1123 (9th Cir. 2011) ("Where the objective reasonableness of an officer's conduct turns on disputed issues of material fact, it is a question of fact best resolved by a jury, [and] only in the absence of material disputes is it a pure question of law.") (internal quotation marks and citations omitted).

## IV. UNDISPUTED FACTS[3]

The Court has reviewed the evidence submitted by the parties and finds that the following facts are undisputed:

[3] Defendant filed his Separate Statement of Undisputed Facts. (ECF No. 81 at 16-17).

On July 8, 2021, Plaintiff was an inmate incarcerated at KVSP. (DSUF[4] 1). Defendant is employed by CDCR as a correctional officer and was assigned to Facility C, Building 5 control booth on the date of the incident. (DSUF 2). On July 8, 2021, at approximately 8:11 a.m., Defendant was working in the control booth when a fight broke out between two inmates. (DSUF 13, 14). Defendant discharged his 40mm launcher six times in Plaintiff's direction and struck him three times. (DSUF 3-4, 22; ECF No. 76-4 at 11; ECF No. 76-1 at 14). Plaintiff was injured by the shots including a bruised, discolored, and swollen lip. (DSUF 28).

As described more fully below, the remaining relevant facts are disputed.

## V. ANALYSIS

### A. Excessive Force

The Court will recommend Defendant's motion for summary judgment be denied, because viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Defendant acted with excessive force in violation of the Eighth Amendment.

The Court evaluates the evidence by applying the following factors: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Bearchild v. Cobban,* 947 F.3d 1130, 1141 (9th Cir. 2020) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013)

Looking to the first factor, the parties agree that Plaintiff was shot in the face and suffered resulting bruising and swelling. Thus, Court finds this factor weighs in favor of Plaintiff.

As for the remaining four factors, factual disputes exist as to the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by Defendant, and Defendant's efforts to temper the severity of a forceful response.

First, Defendant admits in his motion that "it is disputed whether [Plaintiff] was involved in the fight…." (ECF No. 76-1 at 14). In his declaration in support of summary judgment, Defendant states that he observed a fight between two inmates, whom he believed to be Plaintiff

---

[4] "DSUF" refers to Defendant' Statement of Undisputed Facts as admitted by Plaintiff in his Separate Statement of Undisputed Facts (ECF No. 81).

and inmate Coreas. (ECF No. 76-3 at 3). Defendant then concedes that he discharged three rounds "at" Plaintiff. (*Id.* ("I discharged a 40mm round at Marquez's rear right thigh" and again "at Marquez's rear left thigh" and then again "at Marquez's upper right thigh")).

However, elsewhere Defendant states "[h]owever, if Marquez or any inmate was proned out nearby and not involved in the fight, they could have been struck inadvertently by one of the 40mm rounds. I did not aim for or intend to strike any of the inmates who were proned out in the area." (*Id.*).

Plaintiff argues that he was not involved in the fight and points to the "not guilty" finding during his disciplinary proceedings. (ECF No. 81 at 2, 20). He also points to inmate Coreas' statement during the disciplinary proceedings that Plaintiff was not fighting with him and was "not even in the vicinity" of the fight. (*Id*. at 20). Plaintiff argues that he timely responded to the "prone down" command and was lying on the ground when Defendant shot him three times. (*Id.* at 2).

Reviewing the evidence in a light most favorable to Plaintiff, there is a question of material fact as to whether Defendant aimed at and shot Plaintiff while Plaintiff was lying prone on the ground. As such, there is a triable issue of material fact as to the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by Defendant and his efforts to temper the severity of a forceful response. *Bearchild,* 947 F.3d at 1141.

Although Defendant states in his declaration that he intentionally aimed at Plaintiff and shot him, Defendant argues in his motion that if Plaintiff were shot inadvertently, Defendant is entitled to summary judgment because it is not a "violation of the Eighth Amendment when an uninvolved inmate is inadvertently struck by less-lethal rounds when prison-staff is trying to stop an incident." (ECF No. 76-1 at 12). Again, the dispute of fact regarding whether Defendant shot Plaintiff intentionally is an independent reason to deny summary judgment. Nevertheless, the Court has looked at the three other cases cited by Defendant, including *Chastang v. Cervantes*, No. 2:15-cv-0961 DB P, 2018 WL 347786, at *5 (E.D. Cal. Jan. 9, 2018), *Hardge v. Alameida*, No. 1:05-cv-00718 LJO DLB PC, 2010 WL 2555755, at *3-5 (E.D. Cal. June 21, 2010), and *Simmons v. Arnett*, 47 F.4th 927, 937 (9th Cir. 2022).

In *Simmons* and *Chastang*, the plaintiffs were involved in a fight with another inmate when plaintiffs were shot with a 40mm launcher by a correctional officer. *Simmons*, 47 F.4th at 937; *Chastang*, No. 2:15-cv-0961 DB P, 2018 WL 347786, at *4. The Ninth Circuit in *Simmons* held that the officer's decision to shoot the plaintiff with sponge rounds was not an excessive use of force when the undisputed evidence showed that there was a fight between plaintiff and another inmate that threatened the safety of prison staff and prisoners. *Simmons*, 47 F.4th at 933. Likewise, the magistrate judge in *Chastang* recommended summary judgment in favor of correctional officers because there was no evidence that officers were prohibited from using the 40mm launcher to stop a fight, and plaintiff admitted he continued fighting even after he fell to the ground. *Chastang*, No. 2:15-cv-0961 DB P, 2018 WL 347786, at *5-6.

*Simmons* and *Chastang* are distinguishable from the underlying case, however. Here, there is a factual dispute as to whether Plaintiff was involved in the fight or was a bystander. Plaintiff points to his not guilty finding as evidence that he was not fighting while Defendant submitted a declaration that Plaintiff was a combatant. As such, *Simmons* and *Chastang* are distinguishable from the underlying case.

In *Hardge v. Alameida*, a fight broke out among inmates in a prison yard. *Hardge*, No. 1:05-cv-00718 LJO DLB PC, 2010 WL 2555755, at *3-5. Defendant correctional officer fired two rubber bullets at the fighting inmates, and one shot fell short and struck the plaintiff. *Id.* It was undisputed that correctional officer defendant "was aiming at the fighting inmates and did not intend to hit [p]laintiff" who was a bystander. *Id.* The Court issued findings and recommendations that summary judgment be granted in the officer's favor on the claim of excessive force, and the district judge adopted the findings and recommendations in full.

However, here, Defendant states that he was aiming at Plaintiff when he shot him three times and there is disputed evidence that indicates Plaintiff was not involved in the fight. As such, there is a question of material fact as to Plaintiff's involvement in the fight when Defendant struck him with the three rounds. Thus, *Hardge* is distinguishable from the underlying case.

Defendant also argues that, if Plaintiff was on the ground and a bystander to the fight, then Defendant is entitled to summary judgment because Defendant did not intend to strike any bystander. (ECF No. 76-1 at 9, 13-15; ECF No. 76-3 at 3). Defendant's argument is an attempt to

invoke the doctrine of specific intent, which the Ninth Circuit rejected and addressed in its decision in *Robins v. Meecham*. *Robins*, 60 F.3d at 1441. In *Robins*, the Ninth Circuit stated:

> In an attempt to invoke the doctrine of specific intent, the officers misstate the standard for determining wantonness, arguing "the standard of wantonness that inmate Robins must establish in his use of force claim ... is that defendants acted *towards him* maliciously and sadistically for the purpose of causing *him* harm." This subtle but critical misstatement of the appropriate standard would require that the defendants act with specific intent rather than with general intent. The correctly-stated standard, however, is whether the defendants applied force "maliciously and sadistically for the very purpose of causing harm,"—that is *any* harm. *See Farmer,* 511 U.S. at ——, 114 S.Ct. at 1978; *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson,* 501 U.S. at 302, 111 S.Ct. at 2326; *Whitley,* 475 U.S. at 320–21, 106 S.Ct. at 1084–85. Therefore, the officers' argument that they could not have violated Robins's Eighth Amendment rights because the bird shot "did not come under inmate Robins' door with the intent to punish, i.e. with maliciousness and sadisticness [sic]" is without merit.

*Id.* Moreover, as described above, the events of the fight, who was involved, and which inmate Defendant aimed at and shot remain in dispute. As such, there is a question of material fact as to Defendant's intent.

The Ninth Circuit has "'held on many occasions'" that "'[b]ecause the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, ... summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.'" *Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011) (alterations omitted) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc)); *see also C.V. by and through Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) ("[S]ummary judgment should be granted sparingly in excessive force cases.").

The Court thus recommends denying Defendant's motion for summary judgment because, construing the evidence in favor of Plaintiff, and evaluating the relevant factors, a reasonable jury could find that Defendant used excessive force in violation of the Eighth Amendment against Plaintiff by aiming at and then shooting him three times while he was lying on the ground as a bystander to a fight.

**B. Qualified Immunity**

The Court next addresses whether Defendant is entitled to qualified immunity.

Defendant argues that "[t]here is no consensus of case law that would have put [Defendant] Ortiz on notice that discharging a 40mm launcher at inmates' legs to stop an ongoing altercation and inadvertently striking a nearby inmate was unlawful." (ECF No. 76-1 at 17).

However, as described above, Defendant states in his declaration that he aimed at and shot Plaintiff three times. If Defendant did so while Plaintiff was not involved in the fight, such conduct would violated clearly established law, as cited above. As the District Judge has already confirmed, "[t]he Ninth Circuit has held that it is a violation of the Eighth Amendment '[t]o shoot a passive, unarmed inmate standing near a fight between other inmates, none of whom was armed, when no inmate was in danger of great bodily harm" because such use of force "would inflict unnecessary and wanton pain." (ECF No. 18 at 2 (citing *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003)).

Nevertheless, Defendant states that "Ninth Circuit has consistently found that it was not unlawful for an officer to discharge such a weapon [40mm launcher] at non-lethal areas of the inmates' bodies when there was an ongoing incident, even where an uninvolved inmate was inadvertently struck" and cites *Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001). (*Id.* at 17). However, in *Jeffers*, it was undisputed that plaintiff was attacked during a "major racial disturbance" on the yard and was fending off the attacker by holding onto his arms when plaintiff was struck by a 40mm round. *Jeffers*, 267 F.3d at 911. The Ninth Circuit held that "the bullet struck [plaintiff] rather than his attacker amounts to negligence or recklessness, at most." *Id.* at 912.

But here, there is a dispute of material fact as to whether Defendant was aiming at Plaintiff and shot him when Plaintiff was lying on the ground away from the fight. Thus, Jeffers is factually distinguishable.

Defendant also cites generally *Williams v. Austen*, 2021 WL 4222079, *2-3, *6 (N.D. Cal. 2021) and *Alejandrez v. Kircher*, 2014 WL 555188, *1-2, *3-4 (N.D. Cal. 2014) as support for his argument for qualified immunity, but in each case, the plaintiff had been a combatant in the fight. Defendant again cites *Chastang* and *Hardge*, but these cases are factually distinguishable as described above.

Thus, construing the evidence in favor of Plaintiff, the Court finds that Defendant is not

entitled to qualified immunity because there is a question of material fact as to whether Defendant aimed at Plaintiff and shot him three times while Plaintiff was a bystander lying on the ground, which would have violated the Eighth Amendment according to established law at the time. *Torres,* 648 F.3d at 1123 (where there are factual disputes as to the parties' conduct or motives, the case cannot be resolved at summary judgment on qualified immunity grounds).

## VI. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that

1. Defendant's motion for summary judgment (ECF No. 76) be **DENIED.**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE